# Nunnally v. Dorand *et al.*

## *Action to Enforce Material-man's Lien.*

1. *Material-man's lien; does not extend to balance due from original contractor to sub-contractor.*—Under the provisions of the material-man's lien law, as found in the Code, (Code, § 3018 *et seq.*), the lien there given is extended only to such unpaid balance as may be owing by the owner or proprietor to the original contractor; and when material is furnished by the material-man to a sub-contractor, no lien is given by the statute upon any balance owing by the original contractor to the sub-contractor, nor can any judgment be rendered against the original contractor in such cases.

2. *Same; liens of employés and material-men of sub-contractor can not be enforced at law.*—Though the first section of the statute providing liens for mechanics and material-men (Code, § 3018) provides that employés and material-men of sub-contractors shall have

[Nunnally v. Dorand et al.]

a lien on any unpaid balance due the original contractor by the owner or proprietor, there is, in the subsequent provisions of the statute and of the law as contained in the Code, no remedy prescribed for its enforcement other than by condemnation and sale of the property by the owner, which is by virtue of the lien declared upon the property itself, and not upon any unpaid balance; and, therefore, an employé or material-man of a sub-contractor has no remedy in a court of law for the enforcement of a lien upon the unpaid balance due by the owner to the original contractor—his remedy, if any, being in a court of equity.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brough by the appellant, A. H. Nunnally, against the appellees, J. H. Dorand, Figh & Williams and the Mayor and Aldermen of Birmingham, to recover an amount alleged to be due for material furnished by the plaintiff to J. H. Dorand, who was a subcontractor under Figh & Williams, who were original contractors with the Mayor and Aldermen of Birmgham, for the erection of a building, upon which the plaintiff seeks to enforce a material-man's lien. It was alleged in the complaint that the Mayor and Aldermen of Birmingham as owners of the building were indebted to Figh & Williams in the amount sought to be recovered, and that Figh & Williams were indebted in a like amount to their sub-contractor, Dorand, one of the defendants. There were demurrers interposed to the complaint by the defendants, Figh & Williams, and the Mayor and Aldermen of Birmingham. These demurrers were sustained. The grounds of the demurrer are sufficiently shown in the opinion.

Upon the plaintiff failing to amend his complaint after the demurrers thereto were sustained, judgment was rendered in favor of the defendants, Figh & Williams and the Mayor and Aldermen of Birmingham, and the defendant Dorand making default, judgment was rendered against him in favor of the plaintiff. The present appeal is prosecuted by the plaintiff, who assigns as error the rulings of the court in sustaining the demurrers interposed to his complaint.

GREGG & THORNTON, for appellant.

WEBB & TILLMAN, contra.—The demurrers of appel-

[Nunnally v. Dorand *et al.*]

lees were sustained upon the ground that the complaint showed the school building and lot was of such a character that no lien was given by the law. The use of the lot and building was governmental; and not subject to levy and sale for the payment of any debt contracted by the city.—2 Dillon Munic. Corp., § 577; and cases cited in note 2; Freeman on Executions, § 126; Phillips on Mechanics' Liens, § 179. If appellant had a material-man's lien, under section 3440 of the Code of 1876, either upon the lot or house, or upon any balance due Figh & Williams from the city, and had established it in this action, a judgment and execution to sell the property would be the consequence under sections 3451-3453 of that Code. That could not be permitted.—Phillips on Mechanics' Liens, § 179; *Brickerhoff v. Board of Ed.*, 37 How. Prac. (N. Y.) 520; *Williams v. Controllers*, 18 Pa. St. 275; *Charnock v. Colfax*, 51 Iowa 70; *Board of Ed. v. Neidenberger*, 78 Ill. 58; *Poillon v. Mayor*, 47 N. Y. 666; *Wilson v. Com.*, 7 Watts & Ser. (Pa.) 197. To the same effect are many other cases from many other States cited in note 2 page 315, § 179 of Phillips on Liens.

HEAD, J.—This cause is to be disposed of according to the mechanic's and material-man's lien law as found in the Code of 1886.—§§ 3018 *et seq.* The lien is there made to extend to the building or improvement, the land on which the same is situated to a limited area, and on such unpaid balance as may be owing by the owner or proprietor to the original contractor. When material is furnished by a material-man to a sub-contractor, as in the present case, no lien is given by the statute, upon any balance owing by the original contractor to the sub-contractor; nor can any judgment be rendered against the original contractor in such a case. As we have said the unpaid balance upon which the statute declares a lien, is that which may be owing by the owner or proprietor to the original contractor. In this case, a municipal corporation—the Mayor and Aldermen of Birmingham—was the owner; Figh & Williams were the contractors to erect the building, and they sub-contracted with Dorand to furnish the material and do the carpenter work. Plaintiff sold material to Dorand. The building which was to be, and was erected, was an addition to the Paul Hayne school house, owned by the

municipal corporation, who also owned the lot on which it was situated, described in the complaint. The complaint is silent upon the point, but, taking it most strongly against the pleader, it must be deemed that the erection was a public school house, used by the city for public educational purposes. It is averred that Figh & Williams were indebted to Dorand, and that the Mayor and Aldermen were indebted to Figh & Williams, in a given large sum. The statutory notices were given, and the statute pursued in reference to filing the lien. The prayer of the complaint is, "And the plaintiff, therefore, claims of defendants said sum of money and a lien *on said property* as made and provided by the laws of the State of Alabama."

The Mayor and Aldermen and Figh & Williams demurred to the complaint, raising the question whether the mechanic's and material-man's lien statute will be applied to public property of a municipal corporation, held and used for its public governmental purposes, as in the present case. The authorities are many and uniform against the right to declare a lien upon such property.—15 Am. & Eng. Encyc. of Law, 29, and the many cases there collected. As to school houses, p. 30. See also the many authorities cited on brief of appellee's counsel. We know of no cases to the contrary.

Although the first section of the statute, in question, provides, as we have said, that employés and material-men, including employés and material-men of sub-contractors, shall have a lien on any unpaid balance due the original contractor by the owner or proprietor, yet the provision, in so far as it applies to employés and material-men of sub-contractors, seems to have been lost sight of in the subsequent provisions which provide machinery for the enforcement of the liens given by the act; and we find no remedy prescribed for its enforcement, other than by condemnation and sale of the property of the owner, upon or for which the work was done, or material furnished; and that condemnation and sale are by virtue of the liens declared upon the property itself, and not upon the unpaid balance. There is a provision which meets the case of an employé or material-man of the original contractor, by which he may serve notice on the owner, in the nature of garnishment, and recover personal judgment against him on his answer, or

on contest of his answer, as in other garnishment cases. Code, 1886, § 3038. We, therefore, see no remedy, outside of a court of equity, for the enforcement of the lien on the unpaid balance due by the owner to the original contractor, in favor of an employé or material-man of a sub-contractor. It is unnecessary to consider, therefore, whether public policy would forbid the enforcement of a lien of this character against a municipal corporation.

Affirmed.