(118 So. 766)
**WILLIS et al. v. HOVATER.** (8 Div. 701.)

Court of Appeals of Alabama. Nov. 20, 1928.

H. H. Hamilton, of Russellville, for appellants.

J. Foy Guin, of Russellville, for appellee.

RICE, J. The complaint declares upon a promissory bond, with waiver of exemptions, claiming $53.25 as the balance due thereon. Plaintiff offered the instrument (note) in evidence. Defendant interposed general grounds of objection to its introduction, and moved its exclusion on the specific ground that the testimony shows the note to be for $53.25, while the note shows on its face that it is for $100.

There was no plea of non est factum. Hence, the note was admissible without preliminary proof of execution and was not subject to general objections.

Since at the time of the motion to exclude there had been no testimony offered, we

634

construe the objection as an effort to assert a variance between the allegation and the proof. But this will not avail, for a mistake in pleading as to sum, quantity, etc., is a defect curable by the judgment. Code 1923, § 9514. Furthermore, the complaint claims a balance due on the note.

Defendants were engaged in the business of getting out cross-ties and selling them to plaintiff. In order to enable defendants to carry on their business of getting out the ties, plaintiff made advances to them. The basis of this suit is a note evidencing the sum of $100 so advanced. Some cross-ties were delivered to plaintiff by defendants, and these went to make up the credits on the note. The point of difference in the suit is the number of ties delivered by defendants to plaintiff.

At one point in the trial defendants introduced a ticket calling for a certain number of ties purporting to have been received by plaintiff. Plaintiff, on cross-examination of Willis, one of the defendants, undertook to show this ticket to be a forgery—to show that it had been made out in witness' handwriting. Interrogated to this effect, witness answered in the negative. He was then asked if he knew his own handwriting and, also, was asked to make a comparison between the writing on the ticket and witness' signature on the note in suit. Defendant objected to the comparison, and in brief invokes the rule that only one shown to be an expert is competent to make comparison of disputed writings. Clearly this objection is without merit. A witness familiar with the handwriting in question may make the comparison (Code, § 7705), and certainly one is presumed to be familiar with his own handwriting.

Another of the defendants, Boyles, was interrogated by plaintiff as to the disputed ticket, and it was sought to have him compare the writing shown with the writing of Willis on the note. This witness testified that he knew Willis' handwriting. Hence, there was no error in allowing him to make the comparison. Code, § 7705.

There are some other questions on the admission of evidence, but they are so clearly without merit that we deem it unnecessary to discuss them.

We find in the bill of exceptions no exception to the action of the trial court in overruling the motion for a new trial. That ruling is thus not presented for review. Thomas v. Carter (Ala.) 117 So. 636.

While the validity of the Local Act of 1923, p. 272, creating the law and equity court of Franklin county, and providing that the proceedings of the trial transcribed by the stenographer, when duly filed, becomes the bill of exceptions, has been affirmed, we feel it would not be amiss again to call attention to the inefficiency of this method. Some 50 pages of the transcript in this case are devoted to the stenographer's transcript of the testimony—line after line, without a break, of questions and answers, the whole substance of which in narrative form could be compassed in one-third or one-fourth of the space. To read such a transcript is a labor that the appellate court could well devote to some more useful service. To properly grasp the details is, by this method, rendered at least improbable. The Legislature may, perhaps, have conferred a boon upon the attorneys in relieving them of the labor of formulating bills of exceptions, but certainly nothing promotive of justice and its orderly administration has been accomplished.

The judgment is affirmed.

Affirmed.