(124 So. 420)

**LOUIS WERNER SAWMILL CO. v. VINSON & BOLTON.** (8 Div. 127.)

Supreme Court of Alabama. Nov. 27, 1929.

SAYRE, J. The action in this cause· was instituted by an attachment against "Little Bear Sawmills, a partnership composed of Louis Werner Sawmill Co., a Missouri corporation, and Hubert F. Young; and Louis Werner Sawmill Co. and Hubert F. Young," nonresidents. This, under our statutes, was a suit against the alleged partnership and against the alleged partners. Responding to rulings of the trial court, plaintiffs amended their complaint by striking Little Bear Sawmills and Hubert F. Young as parties defendant, and the suit proceeded against Louis Werner Sawmill Company as sole defendant. So far as concerns the pleadings, we find no error in this.

Plaintiffs showed a contract with Little Bear Sawmills, and were allowed to recover on proof that Louis Werner Sawmill Company and Little Bear Sawmills engaged in the business of cutting and carrying to market the timber on a certain tract of land in Franklin county as principal and agent or joint adventurers; that under the contract with Little Bear Sawmills plaintiffs hauled the timber for the two named joint adventurers to Red Bay at and for an agreed compensation to be estimated at a named price per thousand feet, and had been paid therefor according to measurement made by an agent of defendant and the corporation, but that, under instructions from his principal, said agent had rescaled or measured the lumber delivered by plaintiffs at Red Bay as to make it appear to be less than the lumber actually hauled by plaintiffs; that defendant had received the benefit of plaintiffs' performance, but had not paid for the excess over and above the measurements by defendant's agent. Defendant's charter under the law of Missouri was exhibited in evidence, and it showed no power to engage in business in partnership with any other corporation or person. But under tendencies of the evidence for plain-

Williams & Chenault, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellees.

tiffs, if accepted by the jury, this status of defendant's corporate power did not suffice to deny a recovery by plaintiffs for the reason that—to quote Corpus Juris 14a, 293—"notwithstanding a corporation has no power to enter into a partnership it may under a joint adventure with others transact any business which is within the scope of its legitimate powers and thereby become liable on account of the fiduciary relation thus assumed, and a corporation may in furtherance of the object of its creation contract with an individual, although the effect of the contract may be to impose upon it the liability of a partner," and we take it to be a matter of course that a corporation may employ another to act for it within the scope of its charter powers and become liable for what its agent so employed does in pursuance of its agency.

■ Appellant has an assignment of error based upon the action of the trial court—to quote the assignment—"in overruling defendant's objection to the contract offered in evidence by plaintiffs between plaintiffs and Little Bear Sawmills." But the stenographic report of the trial, serving as a bill of exceptions in virtue of the act establishing a law and equity court for Franklin county (Local Acts 1923, p. 272, et seq.), shows that defendant introduced this contract in evidence. We note the exception nevertheless for the reason that the brief argues that this court in Vinson v. Little Bear Sawmills, 216 Ala. 441, 113 So. 385, held the contract, under which plaintiffs hauled the lumber and on which they base their claim of right in this cause, to be void, and hence that no recovery could be had upon it. In the case referred to this court did hold that the contract afforded no basis of recovery as for an alleged breach by defendant in refusing to deliver lumber to be hauled by plaintiffs in so far as it was executory at the time of the alleged breach, because it was unilateral and lacking in mutuality—put upon defendant no duty to deliver lumber to be hauled. But this court did not hold that, to the extent the agreement had been executed by the delivery of lumber to plaintiffs to be hauled, plaintiffs might not recover for the work and labor done in hauling lumber according to the paper writing signed by the parties. The authorities there cited establish the proposition that, where one party performs in reliance upon such an agreement, his performance raises, to its extent, a new consideration for the promise of the other. Jones v. Lanier, 198 Ala. 363–367, 73 So. 535. Plaintiffs' right to recover is asserted under the last-stated principle.

■■ Vinson, one of the plaintiffs, was allowed over defendant's objection to testify that defendant was in possession of some timber in Franklin county; that defendant was claiming to own the timber; that defendant was engaged in the manufacture and sale of lumber; that Curtis was in charge of the business of manufacturing lumber and shipping it to market (it appeared without dispute that Curtis was an officer of the defendant corporation); that he was there—meaning at the scene of operations—several times; and that, when he was there, he appeared to take an active part in the conduct of the business. In the brief, the exceptions to the admission of these items of testimony are argued in bulk. Speaking of them as a class, the opinion here is that no reversible error is shown. The title to this lumber was not a matter in dispute, nor, indeed, were any of the specific matters inquired about in dispute, though in a general way they entered into one of the main questions of difference between the parties, viz. the question whether plaintiffs had been employed by defendant, or an agent of defendant, or a joint adventurer with defendant, in the matter of the services performed by plaintiffs in getting the lumber to market, hauling it, in other words from the neighborhood where it was sawn to a plant at Red Bay where it was dressed. The matters to which the witness testified were in some sort conclusions, nonexpert opinions, collective facts would perhaps be a better term (Mobile, etc., R. R. v. Hawkins, 163 Ala. 565, 51 So. 37), as to which the rule is, "that where numerous impressions of a more primary order are blended into a composit fact of more complex but still inevitably recognizable nature, and it is practically impossible to reproduce or adequately describe to the jury the primary facts on which the witness' inference as to the existence of the ultimate facts is based, the ultimate fact may be stated." 22 Corpus Juris, 531, where, among other cases from numerous other jurisdictions, are cited 35 or 40 cases decided by this court, and more or less in point, are noted. We think the proper rule is well stated in the text which we have quoted, and that in the present case no violation of that rule is made to appear.

■ In the effort to fix a basis for the assessment of damages, plaintiffs were allowed to ask the witness Vinson to state his judgment as to what part of the lumber—meaning the 4,250,000 feet to which the witness had deposed—had been hauled before orders were sent to the mills to cut the lumber thicker than had been the practice. The witness answered that he supposed—meaning, as we think the context shows, judged—about one-third had been hauled. The witness was also allowed to state whether he knew and what proportion of the lumber in his judgment was board stuff—the thickness of which, as he testified, had been ordered to be changed, and so of the dimensions of other lumber. In these rulings there was no error. The plaintiffs were entitled thus, in absence of any more exact criterion, to prove the facts thus inquired about under the rule last above stated as going to show the constituent ele-

ments of the damages claimed. 22 Corpus Juris, 508.

 It was of no consequence that plaintiffs had previously sued the Little Bear Sawmills—unsuccessfully as it appeared—for the compensation sought to be recovered. Their mistake in bringing that suit ought not to have been allowed to prejudice their claim in this. As for what plaintiffs, or the witness, one of the plaintiffs, told their lawyer at that time—that rested in confidence between attorney and client, and was properly excluded. 5 Jones on Evidence (2d Revised Ed.) § 2155.

Appellant's claim that it was entitled to the general charge cannot be allowed. This claim of error rests in fact upon the questions of evidence which have been heretofore considered. It is true that plaintiffs had no means of proving the exact amount of the damage claimed; but the evidence was such that the jury may have safely determined a minimum below which damages should not be reduced. "An estimate is often founded on a multiplicity of details, part or all of which it is practically impossible for the witness to reproduce to the triers of fact in such manner as to present the true situation * * * the estimate becomes admissible as of necessity and despite the fact that it is a mere conclusion." 3 Jones on Ev. (2d Rev. Ed.) § 1257. Upon a reasonable interpretation of the evidence shown by the record, our judgment is that a fair estimate of damages was made by the jury. At all events, it is not made to appear that the jury's finding exceeded the safe minimum that has been mentioned.

The common counts of the complaint were substantially in the forms permitted by the Code, and the demurrer laid against them was properly overruled.

 Appellee complains of the "tremendous" and unnecessary labor involved in reading the bill of exceptions, which, as we have already noted, has been prepared, or, rather, copied from the stenographic report of the trial as permitted by the act establishing the court. We venture to suggest that rules for the preparation of cases on appeal to this court should be uniform throughout the state, and further to refer to the comment of the Court of Appeals on the subject of bills of exception prepared as in this case. Willis v. Hovater, 22 Ala. App. 633, 118 So. 766. But for the special act referred to the bill in this cause would have been properly subject to a motion to strike. Collins v. Vaughn Realty Co., 217 Ala. 605, 117 So. 55.

We find no reversible error.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.