152 So. 221

### N. O. NELSON MFG. CO. v. COUNTY BOARD OF EDUCATION et al.

5 Div. 165.

Supreme Court of Alabama.

Jan. 11, 1934.

46

Albert Hooton, of Dadeville, and Richard II. Cocke, of Alexander City, for appellant.

GARDNER, Justice.

A certain school building was erected under a contract between one Strother and the county board of education of Tallapoosa county, and complainant alleges that it furnished to R. A. Whitten, a subcontractor, plumbing and heating fixtures for said building, and for which payment has not been made.

Based upon the broad ground of public policy, the decisions are to the effect that mechanic lien laws do not apply to public buildings. Scruggs & Echols v. City of Decatur, 155 Ala. 616, 46 So. 989; Martin v. Holtville High School Bldg., 226 Ala. 45, 145 So. 491; 40 C. J. 58.

Complainant, recognizing this well-settled rule, makes no effort to have declared and enforced a lien on the property, but seeks to reach a balance due by the county board of education to the original contractor Strother. But in Nunnally v. Dorand, 110 Ala. 539, 18 So. 5, it was noted that, under the statute then in force, one who furnishes material to a subcontractor is given no lien on any unpaid balance due the original contractor by the owner. This hardship of the statute has not been remedied by subsequent legislation, as our present statute (section 8832, Code 1923) in the respect here indicated is substantially the same as that considered in the Nunnally Case, supra.

It must follow, therefore, that complainant shows neither a lien on the property nor on the unpaid balance.

While in the conclusion of the opinion in the Nunnally Case, supra, there is an expression, entirely aside from the decided question, indicating some available remedy in a court of equity, yet that matter was given no consideration, and no intimation is therein contained upon what theory such a remedy, if any, might exist. "A lien of this character is of peculiar statutory creation, and, as said

Jas. W. Strother, of Dadeville, for appellees.

in Copeland v. Kehoe & Ramsey, 67 Ala. 594, 'founded and circumscribed by the terms of its creation, and the courts are powerless to take it up where the statute may leave it, and extend it to meet facts and circumstances, which they may believe present a case of equal merit, or a necessity of the same kind, as the cases or necessities for which the statute provides.'" First Col. Cumberland Presbyterian Church v. W. D. Wood Lumber Co., 205 Ala. 442, 88 So. 433, 434.

If complainant is without a lien, a mere change of forum, as a transfer to the equity docket, could not serve to supply the deficiency.

[■■■] But counsel argue the bill shows a right of complainant to be subrogated to the claims of the original contractor to the unpaid balance so far as necessary to satisfy its demands. It has been well said that the doctrine of subrogation has its sphere of relief plainly limited by its nature, and cannot be considered a universal remedy for parties who have lost their money. 60 C. J. 706. There is no pretense in the bill that either the contractor or subcontractor had established any lien under the statute (LeGrand v. Hubbard, 216 Ala. 164, 112 So. 826; Shaddix v. National Surety Co., 221 Ala. 269, 128 So. 220), and complainant seeks only to be subrogated to the claims of the original contractor to the unpaid balance.

This in effect is but a garnishment of the fund, and nothing more. Complainant must be held to a knowledge of the law applicable to the transaction, which gave it neither a lien on the property nor on the unpaid balance due. It was at liberty to choose whether or not the credit should be extended to the subcontractor, and must be held to have voluntarily assumed its present position. A careful reading of the authorities and the underlying principle of the doctrine of subrogation suffice to show the argument as to this feature of the bill is likewise without merit. Sheldon on Subrogation, §§ 1–11 and 240, 241; 60 C. J. 701–718; Ragland v. Board of Missions, 224 Ala. 325, 140 So. 435; Cross v. Bank of Ensley, 205 Ala. 274, 87 So. 843; Shaddix v. National Surety Co., supra; Atherton v. Tesch, 202 Ala. 448, 80 So. 832; Jefferson Standard Life Ins. Co. v. Brunson, 226 Ala. 16, 145 So. 156; Whitson v. Met. Life Ins. Co., 225 Ala. 262, 142 So. 564; Central Lumber Co. v. Schilleci, 227 Ala. 29, 148 So. 614.

We conclude, therefore, the decree is correct, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.