58 So.2d 614

### CRANE CO. v. SHERATON APARTMENTS, Inc., et al.

#### 6 Div. 339.

Supreme Court of Alabama.
March 13, 1952.
Rehearing Denied May 15, 1952.

Taylor & Jeffrey, Birmingham, for appellant.

Spain, Gillon, Grooms & Young and John P. Ansley, Birmingham, for appellees.

·Cabaniss & Johnston, Birmingham, amici curiae.

FOSTER, Justice.

The question in this case is whether or not one who furnishes material to a subcontractor, engaged in performing certain features of a building contract with the original contractor, shall have a lien for the material furnished to the subcontractor on the property itself for its improvement and on the unpaid balance owing to the original contractor by the owner.

We note particularly that the claimant of the lien, who ·is the appellant here, is a materialman and not a laborer, and does not claim a lien on any balance due by the original contractor to the subcontractor, and did not give notice to the owner of an intention to furnish the material to the subcontractor before doing so as provided in the last clause of section 37, Title 33, Code of 1940.

There is much difficulty in solving the question and, in order to do so, it is necessary to trace the history of section 37, supra. In the Code of 1886, the section was 3018, and so far as its provisions are here pertinent, the statute as then in force was the same as the first sentence of section 37. The last clause of that feature of section 3018 provided for a lien in favor of employees of the contractor and persons furnishing him material, to extend only to the amount of any unpaid balance due the contractor by the owner together with a lien upon such unpaid balance. Section 37, supra, has the same clause. Reference was made to the statute as it then stood in the case of Nunnally v. Dorand, 110 Ala. 539, 18 So. 5. This was a suit at law, and the Court held there was no provision which authorized an action on the law side for the enforcement of a lien for material furnished to a subcontractor and, therefore, the suit at law was properly dismissed on demurrer; but that equity would have jurisdiction. The ·Court observed, however, that under section 3018 of the Code of 1886, the employees and materialmen of a subcontractor were given a lien on any unpaid balance due the original contractor by the owner. This being a public school building, it was of course held that the lien did not extend to the building itself.

Section 3018 of the Code of 1886 was amended by an Act of the Legislature on February 18, 1895, which became section 2723 of the Code of 1896. As amended section 3018 was retained in substantially the same form in which it appeared in the Code of 1886, but there was added another clause which appeared in the last sentence of section 2723 of the Code of 1896, which clause is substantially the same as it appears in section 37, Title 33, Code of 1940, with the addition in the latter of the words "or subcontractor," which was first added in the Code of 1923. The words "or subcontractor," as now appears in the last sentence of section 37, supra, did not appear

there in the Code of ·1896 or 1907; otherwise section 37, Title 33, Code of 1940, and section 8832 of the Code of 1923 are in substantially the same terms. The words "or subcontractor", as in section 37, Title 33 of the present Code, and section 8823 of the Code of 1923, were inserted by the Code Committee in preparing the Code of 1923, as indicated by the marginal references.

That situation with respect to a materialman who furnishes material to a subcontractor was considered by this Court in the case of Nelson Mfg. Co. v. County Board of Education, 228 Ala. 45, 152 So. 221, in which the Court referred to the Nunnally case, supra, and observed that in the Nunnally case it was noted that under the statute then in force one who furnishes material to a subcontractor is given no lien on any unpaid balance due the original contractor by the ower; but that this situation was remedied by subsequent legislation (perhaps referring to the last clause above mentioned).

We are unable to see the accuracy of the statement in the Nelson case, supra, with reference to what was said in the Nunnally case, supra. Our interpretation of the Nunnally case is that it makes a statement directly opposite to what the Nelson case says of it. Section 3018 (as section 37, Title 33, Code) did provide that such laborers and materialmen shall have a lien on the building and on the land on which it is situated, and provided in terms for a lien on the unpaid balance due the contractor by the owner in favor of the employees of the contractor and materialmen who furnished material to him.

The additional clause, to which we have referred as now appearing in the present Code as section 37, Title 33, provides for a lien to the extent of the amount specified for one who furnishes that much material (not labor) to the contractor or subcontractor, provided a certain notice is given in advance to the owner of the property, unless the owner gives notice that he will not be responsible. No initial notice was here given and, therefore, that clause of section 37, supra, is not here available. However, it is treated and referred to in an effort to analyze the first part of that statute as it has appeared in substantially the same form since the Code of 1886. Section 46, Title 33, Code, is also referred to as helpful in that connection.

The statute, section 37, supra, uses the terms contractor and subcontractor in this connection. In other words, although the subcontractor is a contractor and the only one who deals with his laborers and materialmen, he remains a subcontractor under this lien law. The laborers and materialmen of the *subcontractor* have a lien to some extent on the building and land without doubt. The laborers and materialmen of the *contractor* are given a lien not exceeding the amount of any unpaid balance due the contractor by the owner, which lien is also upon such unpaid balance. So that, according to the literal language of the first clause of the statute, the lien for labor and material owing solely by the subcontractor shall extend only to the building and land. If notice is given, as provided in the last clause, the lien of the *materialmen* of the contractor or subcontractor (not laborer) shall be for the full amount thereof, regardless of the amount owing by the owner to the contractor when the lien is asserted, unless the owner takes a further step.

The lien here sought to be enforced is claimed on the unpaid balance due the contractor by the owner and on the building, improvements and land of the owner. The demurrer is addressed to each such aspect.

We are invited to determine the controversy as to whether the lien of appellant extends to both the property and the amount of any unpaid balance due the contractor by the owner.

Construing the whole of said sections 37 and 46, we believe that said first part of section 37 should be held to mean that when no notice is given as in the last clause, the *laborers* and *materialmen* under contract with the subcontractor, as well as those with the original contractor, are intended to be given a lien on the building and land and on the *unpaid balance* due the original contractor by the owner at the time the lien is claimed and notice given

under section 46, provided such lien shall not exceed the amount of the balance then unpaid.

A court of equity is given jurisdiction to enforce this claim by the provisions of section 48, Title 33, Code, since the amount involved exceeds $50, and an equity court has statutory power now to enforce every sort of lien. Section 1, Title 33, Code; Harden v. Wood Lumber Co., 235 Ala. 310, 178 So. 540.

We have reached the conclusion that the demurrer to the bill should have been overruled. A decree to that effect will be here rendered, and appellee allowed thirty days in which to answer the bill.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.