108 So.2d 369

Dewey L. KNOX and John T. Dukes, d/b/a Knox & Dukes Company,

v.

E. O. JONES et al.

5 Div. 699.

Supreme Court of Alabama.

Jan. 8, 1959.

390

C. S. Whittelsey, III, and Ruth S. Sullivan, Opelika, for appellants.

J. Sydney Cook, Jr., and Brown & McMillan, Auburn, for appellees.

LAWSON, Justice.

This is a mechanic's lien case.

E. O. Jones, of Auburn, entered into a contract with one Biggs for the construction of a dwelling. Under the terms of that contract Biggs was to furnish all of the labor and materials needed for the construction of the dwelling for the sum of $13,200. Biggs defaulted after he was paid the sum of $12,200. Thereafter several lien claims were duly filed in the office of the Judge of Probate of Lee County, as required by § 41, Title 33, Code 1940. Subsequent to the filing of those claims Jones and his wife employed one Cullars to complete construction of the dwelling on a cost-plus basis. For his work Cullars was paid the sum of $305.22 by Jones.

Under the pleadings, which need not be described, the question before the trial court was whether the lien claimants were entitled to any relief other than their respective pro rata share of the sum of $694.98, the amount of the unpaid balance due by Jones to Biggs after deducting the sum paid Cullars for completing the work. Following a hearing wherein the testimony was taken ore tenus, the trial court answered that question in the negative, limiting the claimants to their pro rata share of the sum of $694.98. § 58, Title 33, Code 1940.

The appellants did all of the masonry work on appellees' dwelling and they have not been paid for all of their labor. They take the position here, as they did in the trial court, that they have a laborer's lien on the dwelling and on the land on which it was constructed to the full extent of their claim.

Appellants have no lien other than as provided by statute. Emanuel v. Underwood Coal & Supply Co., 244 Ala. 436, 14 So.2d 151. The statute to which they must look for relief is § 37, Title 33, Code 1940, which will be set out in the report of the case.

The appellants had no contract with the owner, Jones. They were employees of Biggs, the contractor. Hence, the language of the first sentence of § 37, Title 33, limits their lien to the amount of any unpaid balance due Biggs by Jones. Appellants did not give notice to the owner, Jones, of their intention to perform labor in connection with the construction of the dwelling prior to the time they began their work; hence the provisions of the second sentence of § 37, Title 33, can be of no benefit to appellants, even if it be assumed that those provisions have application to employees of a contractor as distinguished from one who furnishes material to a contractor or subcontractor. See Crane Co. v. Sheraton Apartments, 257 Ala. 332, 58 So.2d 614.

We repeat here what was said in Copeland v. Kehoe & Ramsey, 67 Ala. 594, 597, in an opinion prepared for the court by Chief Justice Brickell:

"* * * A builder's or mechanic's lien is purely statutory. Its character, operation and extent must be ascertained by the terms of the statute creating and defining it. Of itself, it is a peculiar, particular, special remedy given by statute, founded and circumscribed by the terms of its creation, and the courts are powerless to take it up where the statute may leave it, and extend it to meet facts and circumstances, which they may believe present a case of equal merit, or a necessity of the same kind, as the cases or necessities for which the statute provides."

The appellants have not questioned the right of appellees to pay Cullars out of the balance due Biggs for his work in completing the dwelling.

The decree of the trial court is affirmed.

Affirmed.

STAKELY, GOODWYN and MERRILL, JJ., concur.