130 So.2d 338

**PEAVY LUMBER COMPANY et al.**

**v.**

**O. E. MURCHISON et al.**

3 Div. 919.

Supreme Court of Alabama.

May 25, 1961.

Woodley C. Campbell and Azar & Campbell, Montgomery, for Peavy Lumber Co.

A. Pope Gordon, Montgomery, for Wilson Bros.

Walter J. Knabe and M. R. Nachman, Jr., Montgomery, for appellee Murchison.

Rushton, Stakely & Johnston, Montgomery, for Cox Electric Co.

SIMPSON, Justice.

This is an appeal from the Circuit Court of Montgomery County, In Equity, where appellee, O. E. Murchison, filed a bill of complaint described as being a bill of interpleader or bill in the nature of a bill of interpleader. Named as respondents are Jack Cox, d/b/a Cox Electric Company, to be referred to hereafter as Cox Electric Company; H. O. Peavy and Peavy Lumber Company, hereafter referred to as Peavy Lumber Company; F. B. Wilson and Wilson Brothers Tile Company, to be referred to as Wilson Brothers Tile Company; L. C. Shepherd and M. C. Shepherd, d/b/a Shepherd Brothers Plastering Company, to be referred to as Shepherd Brothers Plastering Company; and R. N. Dalrymple.

It is alleged in the bill of complaint that complainant appellee here, entered into a construction contract with Dalrymple and that complainant is obligated to said respondent in the sum of $988; that complainant is willing to pay the indebtedness to the party or parties entitled thereto but a controversy has arisen as to who is entitled to receive the fund, for each of the respondents has notified complainant claiming such fund. Complainant deposited the sum of $988 into the registry of the court.

After the bill of complaint was filed, Cox Electric Company filed a pleading labeled "Answer and Claim" that contained a general prayer of relief, wherein said respondent disclaimed any specific interest in the amount interpleaded, but that respondent showed he had obtained a judgment against R. N. Dalrymple which judgment had been duly recorded and the satisfaction of said judgment was not dependent upon respondent establishing a claim to the interpleaded amount.

The amount of $788.94 was the claim propounded to the fund by respondent Peavy Lumber Company. With its claim said respondent averred that on April 23, 1959 notice was given complainant that a materialmen's lien was claimed and such notice was filed on April 24, 1959. The claim of $260 was propounded and filed by respondent Wilson Brothers Tile Company, and this claim showed unto the court that notification of a materialmen's lien by respondent against complainant was served on May 23, 1959 and filed in the office of the Judge of Probate of Montgomery County within four months after furnishing said materials. Respondent Shepherd Brothers Plastering Company filed their answer in which the sum of $90 was claimed to be due to them from complainant or Dalrymple.

The cause was submitted for final decree upon the pleadings and complainant's exhibit, a certificate of the judgment obtained by respondent Cox Electric Company against respondent Dalrymple for the sum of $345.29 and $19 costs. From the final decree, it appears that the court found that the recorded judgment of April 20, 1953 in favor of Cox Electric Company was a judgment lien in existence prior to the commencement of the work for which materials and labor were furnished by the other respondents and said lien attached to the money subsequently acquired by respondent Dalrymple; that respondent Cox Electric Company had a claim in and to the amount interpleaded prior to the claims of respondents. Therefore, the court decreed that the following disbursements be made out of the sum of $988: (1) To Cox Electric Company, $504.94; (2) To complainant, $125 as reasonable attorney's fees; (3) The sum of $66.28 as court costs; (4) The balance of said sum of $988 in the following percentages, said percentages representing their pro rata share of the balance of said fund as lien-holders who stand on equal footing with one another: To Peavy Lumber Company, 69% ($208.25); to Wilson Brothers Tile Company, 23% ($69.41); and to Shepherd Brothers Plastering Company, 8% ($24.14). Complainant was discharged and fully released from any liability to any of the respondents, and an injunction issued preventing any suit or claim in law or equity for any obligation to Dalrymple.

We are of the opinion that a proper case of interpleader was made out, and there was no error in the trial court's allowing attorney's fees to appellee as claimed in the bill of complaint. Johnson v. Malone, 252 Ala. 609, 42 So.2d 505; Loop National Bank of Mobile v. Cox, 261 Ala. 148, 73 So.2d 364; Equity Rule 36, Code 1940, Title 7, Appendix.

Admittedly, the certificate of judgment was issued and registered in compliance with §§ 584 and 585 of Title 7, Code of 1940, which had the effect of an execution in the hands of the sheriff as an instrumentality of preserving a lien in favor of the judgment creditor on all property of the judgment debtor subject to levy and sale under execution in the county wherein such judgment is registered. This lien attaches when the certificate is filed. Peterson et al. v. Drennen Motor Car Co., 256 Ala. 99, 53 So.2d 375; Harris v. Jenkins, 265 Ala. 315, 90 So.2d 764.

The second paragraph of § 519, Title 7, Code of 1940, subjects to levy and sale under execution "personal property of the defendant (*except things in action*), whether he has absolute title thereto, or the right only to the possession thereof, etc." (Emphasis supplied.)

We said in White v. Gibson, 221 Ala. 279, 128 So. 784, 785:

"This court has several times held that this lien only applies to and covers property which is subject to levy and sale under an execution."

See also Robinson v. Eppes, 252 Ala. 242, 40 So.2d 326.

In common parlance of the law, a thing in action is designated a chose in action and means literally a thing in action. A thing in action is properly distinguished from a thing of which the owner has the actual or constructive possession, but for which an action may be brought to reduce it to possession. It is commonly termed a chose in action, and is a personal right to demand money or property by an action.

In 42 Am.Jur., Property, § 26, the following is stated:

"A chose in action has been defined as a personal right not reduced into possession, but recoverable by a suit at law. It has been defined also as a thing of which one has not the possession or actual enjoyment, but only a right to or a right to demand by an action at law. It has been said that a chose in action more properly includes

# 254

the idea both of the thing itself and of the right of action annexed to it. There can in the nature of things be no present possession of a thing which lies merely in action."

See also Am.Jur., supra, § 27.

■ Therefore, the question arises, was the unpaid balance which is undisputedly owing to the general contractor, R. N. Dalrymple, subject to levy and sale under execution, or was it exempt as a result of being a "thing in action"? We think that the unpaid balance due the general contractor pursuant to the construction contract between the owner and the general contractor, was a thing in action and not subject to levy and sale under execution. The sum due under the unpaid balance to the general contractor did not become money in the hands of the judgment debtor and become property subject to levy and sale under execution. Therefore, we are at variance with the decision of the learned trial court in subjecting the impleaded funds to the satisfaction of the judgment lien of Cox Electric Company to the prejudice of the materialmen whose liens are upon the building and land and the unpaid balance due the original contractor.

The following cases affirm the correctness of this conclusion: Crane Co. v. Sheraton Apartments, Inc. et al., 257 Ala. 332, 58 So.2d 614; Standard Sanitary Mfg. Co. v. Aird, 221 Ala. 520, 129 So. 285; Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826. We regard the last cited case as practically identical in legal effect with the instant case and conclusive against the contention of appellees.

It results, therefore, that the judgment must be reversed and the cause remanded with directions that the lower court adjudicate the rights of the respective parties in accordance with this holding. So ordered.

Reversed and remanded with directions.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.