151 So.2d 611

**TEAGUE HARDWARE COMPANY**

v.

**BANKHEAD DEVELOPMENT COMPANY.**

**3 Div. 991.**

Supreme Court of Alabama.

Feb. 28, 1963.

Rehearing Denied April 11, 1963.

Wm. J. Fuller, Jr., Montgomery, for appellant.

Albert W. Copeland and Godbold, Hobbs & Copeland, Montgomery, for appellee.

SIMPSON, Justice.

Appeal by cross-complainant from the decree of the Circuit Court of Montgomery County, in Equity, refusing to establish statutory materialman's lien under §§ 37 and 46, Title 33, Code of Ala.1940.

Appellee entered into an oral contract with U. & S. Land Corporation under the terms of which Mid State Wrecking Company was to remove barracks from Maxwell Field and convert the same into dwellings. The barracks were to be placed upon property to be determined by appellee. Appellee was to advance $2,000.00 to Mid State when a house was placed and upon completion an additional payment was to be made in the amount of $3,846.00.

Appellant and others furnished building materials to Mid State for use in construction and improvement of the barracks. Mid State, now bankrupt, defaulted in payment for the materials; hence, the lien claim of appellant upon the improved property owned by appellee, and upon an alleged balance due Mid State from appellee.

Nine of these barrack-houses were completed and sold. Appellant contends that appellee breached the contract with Mid

State and thus owes damages subject to the claim of lien, or in the alternative that appellee is indebted to the appellant as a joint venturer in the construction of the improvements.

Appellant further contends that a balance of $3,846.00 was due to Mid State from appellee upon the tenth house, which amount would be subject to appellant's lien claim in the amount of $1,407.84. The tenth house was found by the trial court to have been "substantially completed".

■ It was stipulated that appellant timely filed notice of lien and suit to enforce the same. However, appellant did not give the requisite notice to appellee, as owner, before furnishing materials to Mid State; the lien is therefore limited to any unpaid balance due Mid State from appellee. Section 46, Title 33, supra; Crane Co. v. Sheraton Apartments, 257 Ala. 332, 58 So.2d 614, If no balance was due Mid State there would be nothing to which a lien under § 46, Title 33, supra, could attach.

The trial court specifically entered a finding that no balance was due Mid State from appellee because Mid State had breached the agreement with appellee in refusing to complete the subdivision, and at the time of the breach appellee had paid Mid State more than Mid State had obligated itself to expend on the project. The trial court also entered a finding that due to the absence of any agreement, express or implied, between appellee and appellant, there could be no joint venture.

Appellant made two assignments of error which in substance state: First, that the trial court erred in determining there was no balance due Mid State, the general contractor, from appellee subject to the materialman's lien; secondly, that the trial court erred in determining that the dwellings in Crestlawn were not subject to appellant's materialman's lien. Since the materialman's lien on buildings and improvements is limited under § 46, Title 33, supra, to "any unpaid balance in the hands of the owner or proprietor", a consideration of the

first assignment of error will necessarily be decisive of the second. Crane Co. v. Sheraton Apartments, supra.

■ Numerous other arguments were made by appellant but we must necessarily limit our consideration to those embraced within the assignments of error.

The trial court correctly applied the law construing §§ 37 and 46, Title 33, supra, as interpreted in Crane Co. v. Sheraton Apartments, supra, by our Court. Quoting from that opinion by Mr. Justice Foster:

"Construing the whole of said sections 37 and 46, we believe that said first part of section 37 should be held to mean that when no notice is given as in the last clause, the *laborers* and *materialmen* under contract with the subcontractor, as well as those with the original contractor, are intended to be given a lien on the building and land and on the *unpaid balance* due the original contractor by the owner at the time the lien is claimed and notice given under section 46, provided such lien shall not exceed the amount of the balance then unpaid."

■ It appears that the sole question presented this Court is factual, viz., whether there was any balance due to Mid State from appellee at the time the lien was claimed and notice given. The lower court having entered an express finding in the negative, this severely limits our review of this question. We have consistently held that a finding of the trial court has the effect of a jury's verdict and will not be disturbed unless plainly and palpably wrong. Dunahoo v. Brooks, 272 Ala. 87, 128 So.2d 485. And it is the duty of this Court to indulge all reasonable presumptions in favor of the trial court's findings when the evidence is heard ore tenus and the reviewing Court cannot substitute its judgment for that of the trial court on the effect of conflicting evidence dealing with the pivotal question of fact. Hooper v. Fireman's Fund Ins. Co., 272 Ala. 145, 130 So.2d 3. And if such finding is supported by the evidence it is not

subject to revision here. Hughes v. McAnnally, 272 Ala. 169, 130 So.2d 176.

Therefore, considering the evidence in the light of these oft-stated presumptions, we are not prepared to reverse the findings of the trial court. To the contrary, the evidence was manifest and substantial that appellee had paid the general contractors more than they had expended or had become obligated to expend on Crestlawn Subdivision at the time Mid State breached the contract. This also disposes of appellant's contention regarding any balance due on the tenth house, as it appears that Mid State had breached the agreement and refused completion of the entire subdivision, which would release appellee from any further payments.

Appellant's contentions embraced within the assignments of error, thus being disposed of, the Court needs go no farther. We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.