HOUSTON, Justice
(concurring in the result).
Veal’s requested charge, which was properly objected to, was erroneously given by the trial court:
“The signature, James G. Veal, on the reverse side of the draft dated August 19, 1987, at issue in this case is personal property which may be the subject of conversion under Alabama law.”
If there can be a conversion of a signature (and I do not hold that there can be); the undisputed evidence is that plaintiff’s signature did not appear on the release; the release contained a forgery. Forgery is not actionable conversion. The writing of the name “James G. Veal” by someone other than James G. Veal does not transform that writing into a signature. Ala. Code 1975, §§ 1-1-1(4) and 7-1-201(39). The undisputed evidence is that the “signature” of James G. Veal was not on the release and, therefore, was not converted.
I assume that the majority opinion holds that there was sufficient evidence of a conversion of the draft itself to submit the conversion claim to the jury. Certainly Veal could not recover for conversion of the funds represented by the $15,224.37 draft, because those funds were not specific earmarked funds to which he had an immediate right of possession. Ligon Furniture Co. v. O.M. Hughes Ins., Inc., 551 So.2d 283 (Ala.1989). The draft was made payable to Veal and to the defendant Cigna Companies. Veal had no greater right of possession than Cigna. Likewise, conversion will not lie for a chose in action. Peavy Lumber Co. v. Murchison, 272 Ala. 251, 130 So.2d 338 (1961).
I do not think that there was sufficient evidence of a conversion of the draft itself, because Veal disclaimed the draft and his right to possession was coextensive with the right to possession of the defendant Cigna, which was a co-payee on the draft. In my opinion, the defendants’ motions for *1298 directed verdict and for judgment notwithstanding a verdict on the conversion claim should have been granted.