INGRAM, Justice
(concurring in the result).
I agree with the majority that the trial court erred in its charge to the jury and that its judgment is due to be reversed. However, I do not find that Veal has presented any valid cause of action that would require a new trial.
As concerns the draft, it appears from the record and the briefs, although not clearly, that the trial court found that the issue of conversion of the draft should not go forward. It would even appear from the record that Veal himself agreed. Such a finding would certainly appear to be correct, since Veal testified that he would never have accepted the $15,225.37, which was the amount of the subrogation check from Alfa to Cigna. Therefore, because Veal did not have an immediate right to that property, a conversion action could not survive.
I also find no basis for the claim alleging conversion of a chose in action (the third-party claim against Watkins, which is still pending in the Calhoun County Circuit Court). A chose in action has been defined as
“ ‘a personal right not reduced into possession, but recoverable by a suit at law. It has been defined also as a thing of which one has not the possession or actual enjoyment, but only a right to or a right to demand by an action at law.... There can in the nature of things be no present possession of a thing which lies merely in action.’ ”
Peavy Lumber Co. v. Murchison, 272 Ala. 251, 253, 130 So.2d 338, 341 (Ala.1961), quoting 42 Am.Jur. Property § 26 (emphasis added). Therefore, as stated in McCain v. P.A. Partners, Ltd., 445 So.2d 271, 272 (Ala.1984), “[a] plaintiff cannot recover in an action of trover unless at the time of the conversion, he or she had a general or special right to the property and possession or an immediate right of possession.”
I also note another essential element of conversion that is absent, i.e., damage.
Generally, it will be presumed that the appropriate damages to be awarded for wrongful conversion would be an amount equal to the value of the property at the time of the conversion. 89 C.J.S. Trover & Conversion §§ 117-18 (1955). The plaintiff has the burden of proving his damages, and, to do this, he must show the value of the property. Williamson v. Stephens, 577 So.2d 1272 (Ala.1991); 89 C.J.S. Trover & Conversion §§ 117-18.
The record indicates the following undisputed facts: Cigna paid $15,225.37 to Veal because of his work-related injury. Cigna was entitled to subrogation as to this entire amount. Alfa issued a draft to Veal and Cigna for this amount. Veal testified that had he received the draft on its way to Cigna, he would not have indorsed it. It is undisputed that Veal’s signature was forged on the back of the draft. Once the present lawsuit was filed, Cigna returned the $15,225.37 to Alfa, and it was deposited into the court. Veal’s lawsuit against Watkins is still pending in Calhoun County.
I believe that Veal failed to offer any proof at trial that he had suffered any loss or harm for which he was legally entitled to recover compensatory damages. The only loss or damage that Veal argued he had suffered was the expert witness fees paid to the handwriting expert and the wages he claimed to have lost while attending the trial in this case. “In Alabama and most other jurisdictions, the general rule is that attorneys’ fees or expenses of litigation are not recoverable as damages.... ” Highlands Underwriters Ins. Co. v. Elegante Inns, Inc., 361 So.2d 1060, 1065-66 (Ala.1978). Therefore, on the damages issue, if on no other basis, I conclude that Veal’s conversion claims are due to fail. See Moore v. Liberty National Life Ins. Co., 581 So.2d 833 (Ala.1991).
I do not want to be understood as saying that I approve of the manner in which the transfer and deposit of the subrogation draft were handled. Clearly, no one has a right to forge someone’s name on any document or draft. However, I am unable to *1299 attach validity to any of the causes of action presented here by Veal. Someone did wrongfully sign Veal’s name to a $15,-225.37 check made payable to both Cigna and Veal; however, this same amount of money had already been paid to Veal by Cigna and Cigna was attempting to recover that amount from Alfa under a subrogation agreement. Further, once Veal contended that he did not intend to settle the case for the policy limits, all monies were returned to Alfa and then interpleaded into the circuit court. Veal is still in the same position he has always been in. Other than the expenses he chose to incur for this trial, he has not suffered any loss or damage. He collected all the benefits he was due from the workers’ compensation carrier (Cigna) and he still has his third-party claim against Watkins pending in Calhoun County-