JOHN ARCHER, Respondent, *v.* THE CITY OF MOUNT VERNON, Appellant.

*Archer* v. *City of Mount Vernon*, 63 App. Div., 286, appeal dismissed. (Submitted April 11, 1902; decided April 18, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 8, 1901, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*William J. Marshall* for appellant.

*Arthur M. Johnson* and *William C. Mains* for respondent.

HAIGHT, J. This action was brought to vacate an assessment upon the grounds that it was illegal and void for the reason that the common council in changing the grade and paving Columbus avenue in the city of Mount Vernon proceeded under sections 180 to 186 of its charter instead of 187.

Under the defendant's charter the council is given the power to establish the grade of its streets where no grade has been previously established without compensation to the abutting owners. But if a grade has once been established and then changed the damages resulting therefrom shall be ascertained and paid as provided by section 187 of its charter. The common council is also given power to pave the streets and repave them when necessary. A portion of the expenses of the original pavement is assessed upon the lands benefited while the expenses for repaving are a city charge.

The trial court has found as facts that the improvement of the streets for which this assessment was made was for the repaving and for the changing of the grade which had previously been established. These findings have been unanimously affirmed by the Appellate Division and effectually dispose of the question of law that appellant seeks to have determined in this court. (Constitution, art. 6, sec. 9; Code C. P. sec. 191, subdivision 4; *Szuchy* v. *Hillside Coal & Iron Co.*, 150 N. Y. 219.)

It is now urged by the appellant that there are no buildings upon the abutting lands upon the street. The Appellate

Division says, with reference thereto, that "The point that there was no building upon the plaintiff's land was not raised at the Special Term and it is too late to raise it now. The case was tried on the theory that there was no change of any established grade and we must dispose of the appeal upon that theory. * * * If the point had been raised it might have been met, possibly, by proof that there were buildings along the line of the avenue or boulevard, but we are without evidence upon the subject." This appears to us to be a sufficient answer to the appellant's contention upon this point. We are also asked to reverse the judgment for the reason that the trial court refused to find his 8th request, which is as follows: "The defendant had the right and power under section 180–186 to regulate, grade, pave, curb and gutter North Columbus avenue and had jurisdiction of the subject-matter and the appellant is bound by its actions." This request merely calls for a conclusion of law, and under the findings to which we have alluded it was properly refused.

The appeal should be dismissed, with costs.

PARKER, Ch. J., BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Appeal dismissed.