## STEED v
## BAKER WOOD PRESERVING CO

Ohio Appeals, 2nd Dist, Fayette Co

No 209.   Decided July 11, 1933

E. L. Bush, Washington Ct. H., for plaintiff.

N. P. Clyburn, Washington Ct. H., for defendant.

**OPINION**

By BARNES, J.

In the oral argument and also in the briefs there appears some claim of novation. Of course, if there was novation, then the company would be relieved. In order to invoke this principle it is necessary that all three parties agreed that the company should be relieved of further liability, and Baker thereafter would be liable for the continuance of the contract. The evidence in the case absolutely fails to prove novation.

Steed says that he was not even consulted and knew nothing about the contract until afterwards. Mr. Parrett, as representative of the company, admits that no such arrangement was made.

Baker contends that no reference was made at all to Steed's rights when he purchased the timber operations.

In examining the Minutes of the defendant company setting out the terms of sale to Baker, we find no provision that Baker should assume and take over the Steed contract. In a portion of the Minutes referred to as Schedule A, the different timber properties are identified by name and the three in which Steed was interested are "Gray," "Schill Timber" and "Hiatt Timber." The paragraph preceding the schedule gives Mr. Baker's proposition and is worded as follows:

"I, G. D. Baker propose to purchase from The Baker Wood Preserving Company certain real estate, timber tracts, manufactured timber products thereon, machinery and equipment, one Jordan automobile, live stock and all property of every kind and description whatsoever being on the premises described and enumerated on the schedule included herein, marked exhibit "A", which schedule becomes a part of this proposal, for the sum of $66,500.00."

In the paragraph preceding, which refers to the consideration of the proposal of G. D. Baker by the Board of Directors, among other things, it says "and all property of every kind whatsoever situated on the particular premises described and particularly designated in the proposal, which follows."

It will not be particularly helpful to make a careful analysis of the testimony relative to the sale by the company to Baker for the reason that it could not defeat Steed's right to recover, unless he was a party to it and agreed to relieve the company from further responsibility and accept Baker as his paymaster. Steed was only interested in being paid according to the terms of his contract and it would make no difference to him where the money came from. The fact that he thought and assumed that Baker would pay does not relieve the company from its written contract with him.

We think it is fairly inferable from the evidence that the company expected Baker

to pay Steed on the terms of their contract with the plaintiff. However, in examining the contract with Baker, we find that no such provision is made and, as heretofore stated, even if such an arrangement had been made it would not relieve the company of its obligation to Steed unless the latter had released them in some way.

This leads us to the inquiry as to whether or not Steed performed his part of the contract. It is a well recognized principle of law that when one party to a contract seeks recovery he must show, as a condition precedent, that he has performed everything upon his part required under the contract. On this question there is only one element requiring consideration, as in all other particulars Steed's compliance is conceded.

After June 11, 1924, Steed billed out the shipments on the order of Baker, whereas previously they were billed out to The Baker Wood Preserving Company. An examination of all of the evidence bearing on this question will disclose that Steed was warranted in taking his orders from Baker. The fact that Mr. Parrett, as the representative of the company, told him that Mr. Baker was taking over the outside timber operations and in the future he should present his expense account to Baker, would constitute ample authority to make his shipments on Baker's order. The defendant company can not complain or raise the question of laches against the plaintiff Steed. The continuing liability as against the company is due entirely to the fact that they did not secure a release from plaintiff Steed at the time they made their sale to Baker. The officers of the company testified that Mr. Steed was not advised of the contemplated sale and further that they did not think it necessary so to do. Apparently they overlooked their continuing legal obligation to Steed. The mere sale to Baker did not relieve them of the contractual obligation to Steed. If it was their desire to have this obligation cease, they should have adopted proper methods. Nothing less than a release from Steed would effect this result. This was not done.

Under the state of the record this court can not consider the question as to the liability of G. D. Baker, defendant below. In the Common Pleas Court judgment was rendered in his favor and this judgment remains unreversed. Under the pleadings and the evidence the most that could be claimed against Baker in the absence of novation would be a liability through assumption of the contract. A liability of this character would be joint and several.

Under a joint and several liability an appeal by the defendant company would not bring Baker into this court. The case of Emerick v Armstrong et, 1 O., 516, announces the principle:

"There are some cases in which one of several co-defendants, may appeal the cause separately without affecting the others. This may be done where the action is in its nature joint and several."

Also see §12231 GC.

There is a very serious question as to whether or not the case is appealable at all, but in the absence of objection this court may determine the question on its merits, although having the right sua sponte to dismiss. State ex v Prestien, 93 Oh St 423-427.

Prior to the constitutional amendment of 1912 the question of the right to appeal could only be raised by motion. Drake et, Trustee v Tucker et, 83 Oh St, 97.

In the instant case the plaintiff's action is one at law. The original petition asks for a money judgment and an accounting. The amended petition modified the prayer but this does not change the form of action.

If the contractual relation between the defendant company and the plaintiff Steed constituted a contract of partnership, then the action would be for an accounting and appealable. A corporation has no right to enter into a partnership, and regardless of this question the contract under no circumstances would constitute a partnership. It is true it had many of the features of a partnership, but these were only thrown in as a method of determining the plaintiff's compensation. While the contract spoke of division of profits, yet in fact there could be no profits. The timber belonged to the defendant company when Steed started his operations and remained their property after he completed manufacturing of the ties and shipped them to the defendant.

The mere fact of the existence of a complicated account does not make the case appealable.

Ohio Jurisprudence, Volume 2 (Appeal and Error), §81, pages 114 and 115;

Wilson Improvement Company v Malone, 78 Oh St, 232.

Notwithstanding the doubt as to the case being appealable, we have concluded to determine the action on its merits.

We have no difficulty in arriving at the conclusion that the plaintiff Steed is en-

titled to recover, but we do have much difficulty in reconciling the evidence as to the amount.

After setting up the accounts according to the claims of the plaintiff and the two defendants in the court below and then reconciling the differences as best we can under the evidence, we have arrived at practically the same figures as did the trial court. By reason of this fact we have concluded to adopt the trial court's figures. Plaintiff is entitled to recover $1400.00, together with interest thereon at six per cent. from January 1, 1931.

Entry may be drawn accordingly. Exceptions will be allowed to the defendant The Baker Wood Preserving Company.

HORNBECK, PJ, and KUNKLE, J, concur.