[Civ. No. 5339.  Third Appellate District.—June 3, 1935.]

UNIVERSAL PICTURES CORPORATION (a Corporation), Respondent, v. ROY DAVIDGE FILM LABORATORY, LTD. (a Corporation), et al., Appellants.

Mitchell, Silberberg & Knupp, Edward J. Cotter and Arch. G. McLay for Appellants.

Louis M. Lissner and I. H. Prinzmetal for Respondent.

COATS, J., *pro tem.*—The plaintiff on May 10, 1930, under a license agreement rented to the defendant Roy Davidge Film Laboratories, a machine for developing motion picture films, known as the Hunter Pierce Developing Machine. The Roy Davidge Film Laboratories was a partnership composed of the defendant Roy Davidge, and the defendant Principal Pictures Corporation, whose entire stock was owned by the defendants Sol Lesser and M. Rosenberg. After the making of the contract, the defendant Roy Davidge Film Laboratory, Ltd., was organized and purchased the property of the partnership. Default having been made in the payment of royalty, plaintiff brought this present action, and recovered judgment against the defendants Lesser and Rosenberg for $5,094.65, based on their stockholders' liability and against the other defendants for the sum of $10,189.29, from which judgment several of the defendants have appealed.

The defendants by their answers and cross-complaints set up defenses and causes of actions based on alleged misrepresentations made to induce the execution of the contract, alleged breach of the provisions of the agreement whereby plaintiff warranted the machine was "reasonably capable of performing the function for which it was intended", and alleged breach of the provisions of the agreement whereby plaintiff agreed that it would notify the licensee of certain improvements upon the machine. The findings of the court were in favor of the plaintiff upon these issues. These findings are supported by substantial evidence and will not be disturbed upon appeal.

On this appeal the defendants Principal Pictures Corporation, Sol Lesser and M. Rosenberg now urge for the first time that the act of the Principal Pictures Corporation in becoming a member of the partnership, the Roy Davidge Film Laboratories was *ultra vires,* in that the powers of a corporation must be exercised by its board of directors, and if it be permitted to enter into a partnership its stockholders are deprived of all choice in the selection of those who will manage its business, as the other partner or partners could effectually bind the corporation in partnership transactions. The Principal Pictures Corporation is a corporation with only two stockholders, the defendants Sol Lesser and M. Rosenberg each owning one-half of the capital stock. There appears to have been no other person associated with the corporation and in much of the oral testimony the witnesses referred to Lesser and Rosenberg instead of naming the corporation. It appears that any act taken was done with the affirmative approval of everyone connected with the corporation. Under the circumstances the defendants Lesser and Rosenberg would ordinarily be estopped from claiming that the act of entering into the partnership was *ultra vires.* (*Standard Oil Co.* v. *Woolner,* 113 Cal. App. 66 [298 Pac. 77].)

A corporation may enter into a partnership if so authorized by its articles of incorporation. (*Mervyn Investment Co.* v. *Biber,* 184 Cal. 637 [194 Pac. 1037].) There is nothing in the evidence to indicate that the corporation was not so authorized. The contract was for its benefit and, until the contrary be shown, it will be presumed that it was made in the proper exercise of its corporate powers. (*Potts*

*Drug Co.* v. *Benedict,* 156 Cal. 322 [104 Pac. 432, 25 L. R. A. (N. S.) 609].)

The court found "that subsequent to February 24, 1931, and prior to the institution of this action, defendant Roy Davidge Film Laboratory, Ltd., a corporation, assumed and agreed for the use and benefit of plaintiff, to be bound" by all of the promises and agreements of the partnership contained in the license agreement. The defendant Roy Davidge Film Laboratory, Ltd., claims that this finding does not find support in the evidence. The finding is in part erroneous and by reason of this fact a larger judgment was rendered against this defendant corporation than is justified by the evidence. The contract was entered into May 10, 1930, between plaintiff and the defendant Roy Davidge Film Laboratories, a partnership composed of the defendant Roy Davidge and the defendant Principal Pictures Corporation. On February 29, 1931, the Roy Davidge Film Laboratory, Ltd., was organized and some time thereafter it purchased the physical assets of the partnership. The stockholders of the corporation were Roy Davidge, who owned two-thirds of the stock of the corporation and another Mr. Davidge, Earl Rodman, John Jasper and Judge Hardy, who together owned the remaining one-third of the stock. The corporation Principal Pictures Corporation and its two stockholders Lesser and Rosenberg retired entirely. The precise time when the corporation took over and began operating the business cannot be ascertained from the evidence, but it is clear that it was not earlier than about the end of the first year of the license agreement. Of the judgment rendered, $2,589.29 was for royalties that accrued during the first year, and the balance for royalties accruing thereafter. It further appears that no use was made of the machine after the middle of May, 1931. Neither the partnership nor the corporation informed the plaintiff of the transfer but continued to deal with the plaintiff as if the transfer had not been made. Plaintiff did learn of the transfer before the commencement of this action and elected to bring this action for unpaid royalties against the defendants named.

Most of the cases dealing with questions of this nature have to do with leases of real property between landlord and tenant. Such leases are, however, personal property and

the principles of law declared in such cases are applicable to cases of this nature. (*Potts Drug Co.* v. *Benedict, supra.*)

The evidence is undoubtedly sufficient to support a finding that the corporation Roy Davidge Film Laboratory, Ltd., became the assignee of the corporation. ▮ The agreement contains the provision that the license is personal and nonassignable without the written consent of the plaintiff. This does not, however, render the assignment void, but only voidable at the option of the lessor, and he may elect to waive the breach, accept the assignment, and enforce the contract according to its terms. (*Chapman* v. *Great Western Gypsum Co.*, 216 Cal. 420 [14 Pac. (2d) 758, 85 A. L. R. 917] ; *Buchanan* v. *Banta*, 204 Cal. 73 [266 Pac. 547] ; *Potts Drug Co.* v. *Benedict, supra.*) ▮ When the lessor elects to accept the assignment the assignee takes the term as of the date of the assignment. (*Garcia* v. *Gunn*, 119 Cal. 315 [51 Pac. 684].) In the absence of fresh contractual relationship between the assignee and the lessor, the assignee does not become liable for a breach of a covenant before he acquired the estate or after he has parted with it or ceased to enjoy its benefits. There is no privity of contract in such case between the lessor and the assignee. (*Farber* v. *Greenberg*, 98 Cal. App. 675 [277 Pac. 534].) The assignee is only liable for the rental or royalty during such time as he remained in possession of the property and received the benefits thereof. (*Bonetti* v. *Treat*, 91 Cal. 223 [27 Pac. 612, 14 L. R. A. 151].) There were no transactions between the plaintiff and the assignee. Plaintiff was not a party to or in any way benefited by the assignment, and if the assignee did assume to pay and discharge the obligations of the lessee such a contract could be enforced only by the issue. (*Bonetti* v. *Treat, supra.*)

▮ Plaintiff argues that the finding of the court may be supported on the ground that such a close identity exists between the partnership and the corporation, that the change in form may be disregarded, and the corporation held liable for the partnership debts. There is in this case no such identity. One of the members of the partnership sold its interest outright to the corporation and retired entirely. Several persons, not previously connected with the partnership, became stockholders of the corporation, owning approximately one-third of the capital stock thereof. Plaintiff's argument is

really directed to the proposition that where a transfer of property is fraudulent or prompted by motives of dishonesty or intended to commit a fraud, the corporate entity should be disregarded. This is, of course, the law (6 Cal. Jur. 591), but no such issue is presented by the pleadings or appears from the evidence.

Under the evidence in this case the defendant Roy Davidge Film Laboratory, Ltd., is liable for the royalty that accrued while it possessed the property in question, but not for royalties accrued before the date of the assignment, or after it abandoned the machine and contract. The exact period over which the defendant's liability extends cannot be determined from the evidence and the case must be remanded for that reason. The case was, however, fully tried and all other issues determined, and it will not be necessary to redetermine these other issues.

The judgment is affirmed as to all the defendants, except the defendant Roy Davidge Film Laboratory, Ltd.

The judgment as to the defendant Roy Davidge Film Laboratory, Ltd., is reversed, but only as to the issue of the amount of royalty owing from said defendant to plaintiff, and upon all other issues said judgment is affirmed. The action is remanded to the superior court to take testimony in regard to this issue, and to render its judgment in accordance with the views herein expressed.

Plummer, J., and Pullen, P. J., concurred.