[No. 35199.   Department One.   April 7, 1960.]

MILDRED M. MAYRAND, *Respondent*, v. PACKAGED HOMES MFG., INC., *et al.*, *Appellants*, MILTON J. PERRY *et al.*, *Defendants.*[1]

[1]Reported in 350 P. (2d) 862.

*Geo. H. Crandell*, for appellants.

*Lenihan & Ivers* and *Donald D. Fleming*, for respondent.

OTT, J.—December 21, 1956, David Schultz, a building contractor, entered into a written contract to remodel the home of Mildred M. Mayrand for the sum of seventy-five hundred dollars. Percentage payments were to be made as the work progressed. The remodeling was to be completed by February 15, 1957. After the construction commenced, Schultz presented certain labor and materialmen's claims to Mrs. Mayrand, which she paid. Her checks were made payable jointly to Schultz and the workman or material-man. These payments totaled $3,201.

March 18, 1957, Schultz abandoned the contract. March 28, 1957, David Schultz, Milton J. Perry, and Herald A. O'Neill incorporated Packaged Homes Mfg., Inc. David Schultz assigned to the corporation substantially all of his business assets, consisting of his wall construction invention (patent application No. 592,107), together with two trucks and miscellaneous inventory, for five thousand shares of stock at one dollar par value. Milton J. Perry received five thousand shares of stock for forty-one hundred dollars in cash, and nine hundred dollars in services performed for the corporation. Herald A. O'Neill subscribed for one share and paid one dollar in cash.

Mrs. Mayrand completed the remodeling of her house at a cost to her in excess of the contract price. She brought this action against Packaged Homes Mfg., Inc., a corpora-

tion, David Schultz and Georgia M. Schultz, his wife, and Milton J. Perry and Paulette Perry, his wife, to recover damages. The defendants denied liability. The corporation cross-complained to recover corporate funds in the amount of $3,953.47 which it alleged were wrongfully held by Mrs. Mayrand. At the close of plaintiff's case, defendants Perry were dismissed.

From a judgment entered in favor of the plaintiff and against the remaining defendants, those defendants have appealed.

Appellants Schultz and wife contend on appeal that the court erred in failing to find that Schultz' repudiation of the contract was justified because respondent paid laborers and materialmen direct, and interfered with the workmen in the progress of the construction work.

■ The court entered no finding of fact relative to the evidence concerning the alleged interference, but commented in its oral decision as follows:

"Now, as far as interference with the workmen is concerned, I don't find it to be a matter of consequence. There were, to be sure, some changes and some painters were, I think, literally stopped from continuing, but depending as I do upon the testimony of Mr. Amundsen, a disinterested party, that the action and reference to the painters was justified, I am satisfied that what changes were made and what directions were given were not of great consequence and certainly were not serious enough in nature to justify the abandonment of the work."

Our examination of Mr. Amundsen's testimony and the record convinces us that there is ample evidence to sustain the court's conclusion that appellant Schultz was not justified in his abandonment of the contract because of the alleged interference.

■■ Nor does the record sustain the appellants' contention that the manner of payment to the materialmen and workmen justified abandonment of the contract. The parties to a building contract may modify it by their subsequent conduct. *Davis v. Altose*, 35 Wn. (2d) 807, 215 P. (2d) 705 (1950). In the instant case, the court found that appellant Schultz presented bills for labor and material to respondent

for payment. Respondent paid these claims by checks made payable jointly to the claimant and Schultz. Under these facts, the parties, by their conduct, modified the payment provisions of the contract; hence, Schultz' abandonment was not justified in this regard.

The court did not err in granting judgment against the appellants Schultz and wife.

■ Appellant Packaged Homes Mfg., Inc., assigns error to the entry of judgment against it. Schultz abandoned the contract on March 18, 1957. The corporation was not formed until March 28, 1957. The trial court found that

". . . The only substantial asset or obligation of said defendant Schultz in said business not specifically and explicitly transferred to or assumed by said corporation was his abandoned contract with plaintiff which said corporation refused to perform."

The court held the corporation liable upon the authority of *Zander v. Larsen*, 41 Wn. (2d) 503, 250 P. (2d) 531 (1952). In that case, a corporation was formed for the purpose of taking over a business that had formerly been conducted as a partnership. The former partners were the only shareholders of the new corporation. All of the partnership assets became assets of the corporation, for which stock was issued to the former partners. All of the shareholders were individually liable on the obligation prior to incorporation. We held, in the cited case, that the corporation was merely a continuation of the partnership and was therefore bound to pay its debts. The partners, by incorporating, had simply "put on another coat."

The *Zander* case is not here apposite. Mrs. Mayrand contracted with Schultz only. The corporation was formed by Schultz and Perry (Herald A. O'Neill owned only a qualifying share). Perry contributed forty-one hundred dollars in cash and nine hundred dollars in services to the corporation. The corporation did not assume the abandoned Mayrand-Schultz contract. Perry was not obligated on the Mayrand-Schultz contract prior to the incorporation. Under these facts, the corporation was not a continuation of the Schultz business, but was a new entity. The new

entity could assume any part of the former Schultz business it believed to be profitable. It was under no obligation to engage in unprofitable contracts or contracts which Schultz had abandoned. See *Universal Pictures Corp. v. Roy Davidge Film Laboratory*, 7 Cal. App. (2d) 366, 45 P. (2d) 1028 (1935); *Swing v. Taylor & Crate*, 68 W. Va. 621, 70 S. E. 373 (1911); 13 Am. Jur. 1132, § 1248.

The court erred in entering judgment against appellant corporation, and that judgment is reversed.

■ Since the trial court made no disposition of the appellant corporation's cross-complaint, the cause is remanded for the entry of appropriate findings of fact, conclusions of law, and judgment with reference thereto.

The judgment is affirmed as to the appellants Schultz and wife.

From the record, we are unable to determine whether the amount of $1,602.74, which was deposited with the clerk of the court and garnished by the respondent, and which was ordered paid to the respondent, comprised funds belonging to Schultz or to the corporation. Should the court find that the deposit belongs to the appellants Schultz, the order with reference thereto is correct. Should the court determine that the funds belong to the corporation, appropriate findings of fact, conclusions of law, and judgment with reference thereto should be entered.

■ Appellant Packaged Homes Mfg., Inc., will recover its costs against the respondent. Respondent will recover from appellants Schultz that portion of her costs which relates to the Schultz appeal.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.