THE CLEVELAND TRUST COMPANY, TRUSTEE, PLAINTIFF, *v.*
INGALLS ET, DEFENDANTS.

Probate Court, Cuyahoga County.

No. 626680.   Decided February 27, 1963.

*Messrs. Arter, Hadden, Wykoff & Van Duzer*, by *Mr. James C. Weir*, for plaintiff.

*Mr. Carlton B. Schnell*, for defendants, Eileen B. Ingalls and Evelyn T. Ingalls.

*Mr. Paul B. Roesch* and *Mr. Andrew J. McLandrich*, for guardian ad litem and trustee for suit.

ANDREWS, Chief Referee. This case concerns the right of a corporate trustee of a testamentary trust to retain as part of the trust estate an interest in a limited partnership assigned to it by the executors of the testator's estate.

By Item V of his will, Albert S. Ingalls, Jr., left his residuary estate in trust, designating The Cleveland Trust Company as trustee. The interest in the limited partnership was assigned to The Cleveland Trust Company as part of the residuary estate distributed to the trustee by the executors.

The action is brought by The Cleveland Trust Company as trustee, seeking a determination of the following questions:

1. Does a corporate trustee have the capacity and power under Ohio law to join a limited partnership as a limited partner?

2. If the answer to the foregoing question is "yes," does The Cleveland Trust Company have the power under the terms and provisions of the will to join the limited partnership as a limited partner and hold the limited partnership interest as an investment?

Albert S. Ingalls, Jr., died on May 4, 1955, leaving Eileen B. Ingalls, his surviving spouse, and three children, Albert S. Ingalls, III, Evelyn T. Ingalls, and John T. Ingalls, the latter a minor. The Cleveland Trust Company is guardian of the minor son's estate. Eileen B. Ingalls and James C. Weir were appointed executors of the decedent's estate, and they have made final distribution of the residuary estate to the trustee.

The defendants in the action are the widow, the three children, and The Cleveland Trust Company as guardian of John's estate. Mr. Paul B. Roesch was appointed guardian *ad*

*litem* for John, and trustee for suit for the unknown, undetermined, and unborn beneficiaries under the will.

In a joint answer, Eileen B. Ingalls and Evelyn T. Ingalls urge the court to give an affirmative answer to the questions propounded by the plaintiff. Mr. Roesch, in his answer, asks the court to protect the interests of the minor son and the unknown, undetermined, and unborn beneficiaries. Albert S. Ingalls, III, has entered his appearance, but has not filed an answer.

Thus, no one is objecting to an affirmative answer to the questions contained in the prayer of plaintiff's petition, but the parties want to be certain that The Cleveland Trust Company has the authority under the law and under the will to retain the limited partnership interest as an investment.

Because the prudence of retaining the investment is not in issue, there is no need to go into detail about the creation or financial status of the limited partnership. It is enough to mention that the executors of Mr. Ingalls' estate were in possession of certain corporate shares of the Taft-Ingalls Corporation, and that pursuant to a reorganization, in which the corporation was dissolved, they surrendered their shares, and received in return a 6.67 per cent interest in Taft, Ingalls & Company, a limited partnership, in which the estate of Albert S. Ingalls, Jr., was one of the limited partners. It is this interest which the executors assigned to the trustee.

The partnership was formed for the purpose of holding and operating certain buildings in Cincinnati, Ohio, and collecting the rentals thereon, and also of holding certain promissory notes and collecting the payments of interest and principal.

The partnership agreement was made on August 1, 1959, and, by Article 5, the partnership is to exist for ten years from that date. Article 2 provides that as assets become liquid and are no longer needed, they will be liquidated and distributed to the limited partners.

There are four general partners, who manage the business, and a considerable number of limited partners, including some trust estates and estates of deceased persons.

From the uncontroverted allegations of the petition, plus the testimony, it appears to be in the best interest of the bene-

ficiaries to retain the share in the limited partnership, and to do so will not present the trustee with any extraordinary administrative burden.

We come, then, to a consideration of the legal problems. The plaintiff is justifiably concerned about whether, as a corporation, it may be a limited partner in a limited partnership.

It appears to be well settled that in the absence of statutory or charter authority, a corporation may not ordinarily become a member of a partnership. Crane, Partnership, Sec. 9 (2d ed., 1952); 6 Fletcher, Private Corporations, Sec. 2520 (1950); 1 Rowley, Partnership, Sec. 6.4 (H) 1 (2d ed., 1960). There is an excellent annotation on the subject in 60 A. L. R. (2d), 917 (1958). See also 55 Mich. L. Rev., 588 (1957); 9 Minn. L. Rev., 381 (1925); 35 Tex. L. Rev., 265 (1956); 25 Tulane L. Rev., 272 (1951).

Ohio subscribes to this rule. *Geurinck* v. *Alcott*, 66 Ohio St., 94, 63 N. E., 714 (1902); *Merchants' Nat. Bank* v. *Wehrmann*, 69 Ohio St., 160, 68 N. E., 1004 (1903), *reversed on other grounds*, 202 U. S., 295 (1906); *Merchants' Nat. Bank* v. *Standard Wagon Co.*, 6 Ohio N. P., 264, 9 Ohio Dec. (N. P.), 380 (Super Ct. of Cincinnati, 1899), *aff'd*, 7 Ohio N. P., 539, 10 Ohio Dec. (N. P.), 81 (1900) (on ground that no partnership existed), *aff'd without opinion*, 65 Ohio St., 559, 63 N. E., 1124 (1901); *Steed* v. *Baker Wood Preserving Co.*, 15 Ohio Law Abs., 644, 648 (App., 1933) (dictum); *Fechteler* v. *Palm Bros. Co.*, 133 Fed., 462 (6th Cir., 1904). Contra: *Trivision* v. *Steiner*, 41 Ohio App., 35, 45, 179 N. E., 208 (1931), citing no authority, but making a vague reference to some mysterious cases.

The chief reasons for the rule are well stated in 60 A. L. R. (2d), 917, 919 (1958), as follows:

The prohibition against corporate partners has usually been justified by stating that the entry of the corporation into a relationship in which each of the members acts as a general agent for the others is inconsistent with the traditonal form of corporate management by directors or officers chosen by the stockholders and that to permit such an arrangement might result in subjecting the corporate assets to risks not contemplated by the investors at the time they acquired their stock.

See also the same annotation at pages 927 and 930. And see

the citations given above in stating the general rule, including the Ohio cases.

The objection to corporate partnership is dramatically expressed in *Butler* v. *American Toy Co.*, 46 Conn., 136 (1878), in which both the majority and minority opinions agreed on the rule, but differed as to whether the charter impliedly authorized the corporation to enter into a partnership. In commenting on the rule, the dissenting opinion stated, at page 155:

\* \* \* I can scarcely imagine anything more objectionable or hostile to chartered privileges, or more dangerous to the interests of stockholders and creditors, than to allow a corporation to be launched on the uncertain, dangerous, and limitless sea of partnership responsibility.

In *Merchants' National Bank* v. *Standard Wagon Co., supra,* the Ohio court pointed out:

\* \* \* the formation of a partnership implies the giving of control over the affairs of the corporation to others than their regularly constituted officers and boards of directors.

\*       \*       \*       \*

Again, the formation of partnerships by corporations subjects the stockholders to additional risks which they can not be presumed to have contemplated; and is furthermore void as against public policy.

And in *Fechteler* v. *Palm Brothers Co., supra,* the court observed, at page 465:

\* \* \* The agency of each partner for the partnership is inconsistent with the management of the corporation by its stockholders through directors and officers chosen by themselves.

As indicated in the statement of the rule, *supra,* the prohibition does not apply if there is authority by the charter or by statute for the corporation to enter into a partnership. 60 A. L. R. (2d), 917, 920 (1958); 6 Fletcher, Private Corporations, Sec. 2520 (1950); 1 Rowley, Partnership, Sec. 6.4 (H) 2 (2d ed., 1960); *Marnet Oil & Gas Co.* v. *Staley,* 218 Fed., 45 (5th Cir., 1914); *Universal Pictures Corp.* v. *Roy Davidge Film Laboratory, Ltd.,* 7 Cal. App. (2d), 366, 45 P. (2d), 1028 (1935); *Coronet Construction Co.* v. *Palmer,* 194 Cal. App. (2d), 603, 15 Cal. Reporter, 601 (1961); *Butler* v. *American Toy Co.,* 46 Conn., 136 (1878).

As remarked by Mr. Rowley in his article, *The Corporate Partner*, 14 Minn. L. Rev., 769 (1930), there is nothing inherently illegal in a corporation being a partner, the only obstacle to corporate capacity for the partnership relation being the principle of ultra vires.

Oddly enough, courts have not hesitated to uphold participation by a corporation in a joint adventure despite the fact that here, too, the corporation may be subjected to uncontrolled liability through the machinations of the other joint adventurer. 60 A. L. R. (2d), 917, 919, 936 (1958); 1 Rowley, Partnership, Sec. 6.4 (H) 3 (2d ed., 1960); 35 Tex. L. Rev., 265 (1956); 25 Tulane L. Rev., 272, 275 (1951); *Central Lumber Co.* v. *Schilleci*, 227 Ala., 29, 148 So., 614 (1933); *Pomeroy Salt Co.* v. *Davis*, 21 Ohio St., 555, 573 (1871); *Geurinck* v. *Alcott*, 66 Ohio St., 94, 63 N. E., 714 (1902) (the very case in which the court held that a corporation cannot be a member of a partnership); *Bennett* v. *Sinclair Refining Co.*, 144 Ohio St., 139, 57 N. E. (2d), 776 (1944) (where apparently the point was not even questioned); *Mills* v. *Mills*, 70 Ohio Law Abs., 111, 127 N. E. (2d), 222 (App., 1952) (dictum).

The incongruity of the two contrary positions has not escaped the pundits. See 60 A. L. R. (2d), 917, 936 (1958); 46 Harv. L. Rev., 519 (1933); 55 Mich. L. Rev., 588 (1957); 35 Tex. L. Rev., 265 (1956); 1 Rowley, Partnership, Sec. 6.4 (H) 3 (2d ed., 1960), in which the author comments:

Denying to a corporation the capacity to participate in a partnership while admitting its capacity to participate in a joint adventure has been called 'a subterfuge.'

The author's reference is to his own article, *The Corporate Partner*, in 14 Minn. L. Rev., 769, 776 (1930).

At page 777 of the article, Mr. Rowley adds the following criticism of the general rule that a corporation cannot be a partner.

The cases denying partnership capacity are founded upon a narrow, illogical and somewhat obsolete philosophy and viewpoint.

The author then points out that the theory became established during a period when there existed a popular and legislative antipathy toward the corporation, "indicating a legislative intent to preclude any large measure of implied powers."

But the situation has changed, continues Mr. Rowley, and the corporation has justified itself as a means of business association, with a resultant increase in its implied powers. See, also, 55 Mich. L. Rev., 588 (1957) (in which the author refers to the fallacy in the reasoning which prohibits the delegation of management authority to a partner, but allows such delegation to agents, who, likewise, may bind the corporation by contracts); 35 Tex. L. Rev., 265 (1956) (pointing out that there are several instances in which the management and control of the business may be surrendered by a corporation); 12 Ohio Jurisprudence (2d), Corporations, Sec. 321, p. 408 (combining various criticisms of the rule).

The severity of the rule has sometimes been relaxed by the doctrine of estoppel and by various other palliatives, in order to prevent injustice. 60 A. L. R. (2d), 917, 930, 933 (1958); *Bates* v. *Coronado Beach Co.*, 109 Cal., 160, 41 Pac., 855 (1895) (management of enterprise in control of corporation); *Universal Pictures Corp.* v. *Roy Davidge Film Laboratory, Ltd.*, 7 Cal. App. (2d), 366, 45 P. (2d), 1028 (1935) (estoppel against consenting stockholders); *Catskill Bank* v. *Gray*, 14 Barb., 471 (N. Y., 1851) (liable to creditors of partnership); *Miller, Du-Brul & Peters Mfg. Co.* v. *Laidlaw-Dunn-Gordon Co.*, 4 Ohio N. P. (N. S.), 554, 17 Ohio Dec. (N. P.), 499 (1905) (estoppel as to third persons: dictum); see Crane, Partnership, Sec. 9 (2d ed., 1952); 6 Fletcher, Private Corporations, Sec. 2520 (1950); 55 Mich. L. Rev., 588 (1957); 25 Tulane L. Rev., 272 (1951).

Seemingly going in the opposite direction from the general rule is *Snow Hill Banking & Trust Co.* v. *D. J. Odum Drug Co.*, 188 N. C., 672, 125 S. E., 394 (1924), where, to realize on its security interest, a bank entered into a partnership with two individuals for the operation of a drugstore. However, and *most important*, the court stressed the fact that the partnership assets were sufficient to satisfy the creditors! The case is noted in 9 Minnesota Law Review, 381 (1925).

Sections 1775.01 (C) and 1775.05 (A), Revised Code, of the Uniform Partnership Act, appear to authorize a corporation to enter into a partnership. But these sections probably do not mean that such authority exists regardless of the law of corporations. In fact the Commissioners' Note to Section 6 of the

Uniform Act, which corresponds to Section 1775.05, Revised Code, states that the capacity of a corporation to contract is a question of corporation law. How far these sections are intended to go in changing the prior law is not clear. See 12 Ohio Jurisprudence (2d), Corporations, Sec. 321 (1955); Townsend, Ohio Corporation Law, 367n (4th ed., 1961); 1952 Ops. Ohio Atty. Gen., 700; Marshall, *The New Uniform Partnership Act of Ohio*, 40 Ohio Opinions, 266 (1949); 1 Rowley, Partnership, Secs. 6.4 (H) 1 and 6.4 (H) 2 (2d ed., 1960).

In any event, at the very least it would seem that the Uniform Partnership Act permits a corporation to become a partner in a proper case, even though the propriety of such a venture may be within the realm of corporation law.

Up to this point, my opinion has consisted of background material, which, I believe, is essential to an understanding of the present problem.

At first blush, we appear to be up against a rule that a corporation cannot be a partner unless so authorized by its charter or by statute. However, the cases supporting the rule, including those from Ohio, dealt with general partners engaged in business together, with the result that the corporate partner was exposed to liability for partnership debts contracted without its knowledge or consent. It was the danger of that sort of liability, beyond the control of the board of directors, which, rightly or wrongly, led the courts to embrace the general rule.

But the case at hand is entirely different. The Cleveland Trust Company is not a general partner and is not liable for partnership debts. Article 6 of the partnership agreement so states. It reads:

No additional contributions are to be made by the Limited Partners, and the liability of each of the Limited Partners is limited to his partnership interest.

And Section 1781.01, Revised Code:

* * * The limited partners as such shall not be bound by obligations of the partnership.

Also Section 1781.07, Revised Code:

A limited partner shall not become liable as a general partner unless, in addition to the exercise of his rights and powers as a limited partner, he takes part in the control of the business.

By Article 15 (a) of the partnership agreement:

The *General Partners* shall have equal rights in the management of the partnership business. (Emphasis added.)

Thus, the limited partners do not take part in the control or management of the business, and are not liable as general partners.

Moreover, no property of The Cleveland Trust Company is involved in the partnership. The bank, *as trustee*, is merely holding, as a trust investment, a 6.67 per cent interest in a limited partnership. This investment or interest was received by assignment from the executors of the estate of Albert S. Ingalls, Jr. There is no doubt about their right to assign the interest. Section 1781.19 (A), Revised Code, specifically states that a "limited partner's interest is assignable," and Article 9 of the partnership agreement states that, "The Limited Partners shall have the right to assign or transfer their interest in the partnership in whole or in part."

The present case is a far cry from *Butler* v. *American Toy Co.*, 46 Conn., 136 (1878), in which, as previouly quoted, the court, at page 155, bemoaned the danger of allowing a corporation "to be launched on the uncertain, dangerous, and limitless sea of partnership responsibility." The Cleveland Trust Company is not being launched upon any such sea of partnership responsibility. On the contrary, as I have already demonstrated, it is not liable for the debts of the partnership, and none of its property is or can be involved therein.

The so-called rule has no application to the situation confronting us, and there is no reason to follow it. When all is said and done, the interest in the limited partnership is merely an investment of trust funds held by The Cleveland Trust Company as trustee of the estate of Albert S. Ingalls, Jr. See, in accord with this idea, *Plasteel Products Corp.* v. *Eisenberg*, 170 F. Supp., 100 (D. Mass., 1959), where, at page 102, the court said: "A limited partnership is simply a matter of investment."

Under Section 1103.02, Revised Code, and the third paragraph of the articles of incorporation, The Cleveland Trust Company is authorized to conduct the business of a trust company.

By Section 1107.05, Revised Code, a trust company may receive and hold property in trust from executors; and by Section 1107.07, Revised Code, it may act as trustee "under any instrument creating a trust for the care and management of property, under the same circumstances, in the same manner, and subject to the same control by the court, *as in the case of any other trustee.*" (Emphasis added.)

The emphasized passage, in particular, appears to put the corporate trustee on the same footing as any other trustee, not placing a special prohibition against investment in a limited partnership based solely upon the fact that the trustee is a corporation.

When we turn to Chapter 2109, Revised Code, relating to fiduciaries, we find from Section 2109.01, Revised Code, that the word "fiduciary" includes a corporation; and Section 2109.38, Revised Code, provides that Section 2109.37, Revised Code, dealing with so-called "legal" investments, does not prohibit a fiduciary from *retaining* any part of a trust estate as received by him, even though not of the class permitted to fiduciaries. (Emphasis added.)

Here, again, there is nothing to indicate a legislative intent to separate the corporate trustee from the individual trustee in so far as its right to retain a particular investment is concerned.

As we shall see, there is no prohibition against the retention by an individual trustee of a limited partnership interest, provided the will is broad enough to authorize such an investment. Under the statutes referred to, retention by a corporate trustee is in the same category.

Parenthetically, it is true that Section 2109.38, Revised Code, contains the following proviso: "* * * provided the circumstances are not such as to require the fiduciary to dispose of such investment in the performance of his duties." But as already seen, the circumstances in the present case, as revealed by the pleadings and evidence, favor retention; and there is nothing in the proviso placing a corporate trustee in a different position from an individual trustee.

To repeat, the doctrine that a corporation may not be a partner has no application to the present situation, in which a cor-

porate trustee receives, as part of the assets of an estate, a share in a limited partnership.

I am bolstered in this view by the only case which has been found on the same point, *Port Arthur Trust Co.* v. *Muldrow,* 155 Tex., 612, 291 S. W. (2d), 312, 60 A. L. R. (2d), 913 (1956). That case went even further than we need go, for in it the settlor created three living trusts with the trust company, after which he and the trust company executed articles of limited partnership designating the settlor as the general partner and the trust company as a limited partner in its separate capacity as trustee for each of the trusts. Each trust was to receive a certain percentage of the partnership profits. The Secretary of State refused to file the articles of limited partnership upon two grounds. The first was that the trust company did not have express charter powers to enter a limited partnership. The second was that under the Texas Uniform Limited Partnership Act a corporation is not a person, for which reason the trust company could not enter a limited partnership on behalf of its trusts. The court held that the instrument should be filed. I can do no better than to quote from the opinion, because the legal situation is so similar to that in the present case. Said the court:

For many years it has been the settled law of this State that a corporation may not enter into a partnership for the reason that such action is contrary to public policy. * * * However, it has also been the settled law of the State that a corporation could act as a trustee for real and personal property when its charter power conferred such right upon the corporation, and the corporation was organized under a statute permitting it to act as trustee. One of the reasons it has been held that a corporation cannot become a partner is that such action would remove the control of the corporation from the statutory officers and directors. Also, the corporation could be bound for debts by a person who held no stock in the corporation and the corporation would be liable for the acts of each and every partner. The reasoning will not apply in our present case for the only control exercised by a member of a limited partnership would be over the assets of the trust. The corporation would remain intact, and under the direction and control of its own officers and directors. Only the assets of the various trusts would be in the limited partnerships,

It was contended that a corporation is not a "person" under the Uniform Limited Partnership Act. Ohio has adopted the act, and the Texas statute in question is the same as Section 1781.01, Revised Code, which defines a limited partnership as "a partnership formed by two or more persons * * *." The Texas court disagreed with the contention, holding that the word "person" must be taken to include a corporation. In Ohio we have an even stronger argument for reaching the same result, for Section 1775.05 (B), Revised Code, makes the Uniform Partnership Law applicable to limited partnerships except where inconsistent, and, as already seen, Section 1775.01 (C), Revised Code, which is a part of the Uniform Partnership Law, specifically includes corporations under the definition of persons.

The *Port Arthur Trust Company* decision is approved in 55 Mich. L. Rev., 588 (1957), and 35 Tex. L. Rev., 265 (1956). See, also, *Snow Hill Banking & Trust Co.* v. *D. J. Odum Drug Co.*, 188 N. C., 672, 125 S. E., 394 (1924), where, as previously noted, the court upheld the partnership in so far as the corporation would suffer no loss beyond its investment.

I hold, therefore, that the mere fact that a trustee is a corporation does not disqualify it from accepting and retaining as a trust investment a share as a limited partner in a limited partnership, assigned to it by the executors of the decedent's estate.

However, as shown by plaintiff in its petition, there is a further question to be answered. As a fiduciary, does The Cleveland Trust Company have the power under the terms and provisions of the will to "join" the limited partnership as a limited partner and hold the limited partnership interest as an investment? Again, we are dealing with power rather than prudence. Whether the particular investment is a prudent one is not at stake.

Moreover, we are in part treading over ground already covered in connection with the answer to the first question. I refer again to Section 2109.38, Revised Code, authorizing a fiduciary to retain any part of the trust estate as received by him, even though not of the class permitted to fiduciaries. This section alone probably suffices as authority for the trustee to retain the limited partnership interest in Taft, Ingalls & Company.

But we need not rely exclusively on it, for, in my opinion, the decedent's will is broad enough to authorize such an investment, and the will must govern unless there is a prohibition in law, which there is not.

As a preliminary, we must refer to Sections 2109.37 and 2109.371, Revised Code, containing the investments authorized by law for a trustee. Nothing in those sections specifically includes shares as a limited partner in a limited partnership. However, Section 2109.37, Revised Code, contains the important language: "Except as otherwise provided * * * by the instrument creating the trust." This sends us to Item XI of the will, but before examining that item, I will mention two Ohio cases in which the terms of the will were not nearly as broad as those in Mr. Ingalls' will, and yet the court held that they authorized the trustee to go beyond the statutory restrictions.

In *Willis* v. *Braucher*, 79 Ohio St., 290, 87 N. E., 185 (1909), the will authorized the trustee to invest "in such manner as she * * * may think best." In holding that this clause relieved the trustee from the statutory restrictions, the court remarked significantly that the instrument need not specify the particular securities to be purchased, but that "it is sufficient if the instrument designates the test to be applied." The court continued by saying that the will did so designate "by providing that investments may be made in such manner as the trustee may think best."

In *Vacha* v. *Vacha*, 87 Ohio Law Abs., 534, 19 Ohio Opinions (2d), 35, 179 N. E. (2d), 187 (1961), decided by this court, the trustee, by the language of the instrument, was "fully authorized to invest such part of said Trust as may from time to time be converted in (*sic*) cash." We held that these words authorized the trustee to go beyond the statutory limitations, since it is sufficient that the words used "reveal an intention on the part of the testator to endow the trustee with discretionary power in making investments," and the words there used did manifest such an intention.

Compare the language in the two preceding cases with the much broader language in Item XI of Mr. Ingalls' will:

The Executors and Trustees * * * shall have the same complete and unrestricted powers of management and control over

my estate (which whenever mentioned in this item shall be held to include the trust estates) as I would have if I were living and the absolute owner thereof. Without intending by the following enumeration of particular powers to limit the broad scope of said general powers, I direct that they shall have power to sell * * * and otherwise dispose of any of the property comprising my estate, on such terms as they deem best; to invest, reinvest and retain by way of investment such property in any manner they see fit, without being subject to any investment restrictions, statutory or judicial, which would otherwise be applicable to them as fiduciaries * * *.

There follows a provision freeing them from liability for depreciation or loss in value, "where they have exercised ordinary care in making and retaining such investments"; but, as previously stated, the matter of prudence with regard to this particular investment is not before us.

There is also a clause authorizing the executors and the trustee to participate in reorganizations, and similar enumerated activities.

I cannot imagine broader powers than those given in Item XI. They justify the action of the executors in entering into the reorganization of Taft-Ingalls Corporation, and there is certainly no ground for holding that the executors lacked power to accept a proportinate share in the limited partnership in place of their interest in the dissolved corporation. And, as already determined, they had the authority to assign that share to the trustee. Under the exceptionally broad powers of Item XI, the trustee clearly had authority to receive the share and has authority to hold it. Not only did Mr. Ingalls grant to his trustee the same power over his estate as he would have if living, but he also gave the trustee the power to invest and retain by way of investment "such property *in any manner they see fit, without being subject to any investment restrictions, statutory or judicial * * **.*" (Emphasis added.)

What more could a person say in order to give unlimited investment power to a trustee? To suggest that the language is not broad enough to permit the trustee to hold an interest in a limited partnership because such authority is not explicitly spelled out, would mean that a testator or his lawyer would

84

have to think of and list every possibility investmentwise, or hamstring the trustee from carrying out the true wishes of the testator. Such a decision would be indefensible and contrary to *Willis* v. *Baucher, supra,* 79 Ohio St., 290, 87 N. E., 185 (1909).

Although we may speak of the authority of the trustee to "join" the limited partnership, the word "join" is really a misnomer. A person becoming a limited partner no more "joins" the partnership than a person buying shares in a corporation "joins" the corporation. In each case the interest in the business association is nothing more nor less than an investment. If the trustee may invest in corporate shares under Item XI of the will, as undoubtedly it may, there is no possible reason for saying that it has no power to invest as a limited partner in a limited partnership.

I hold that under the terms of the will the trustee, as such, has the power to be a limited partner and to hold the 6.67 per cent share in the limited partnership, assigned to it by the executors.

### Conclusion of Law

The Cleveland Trust Company, as trustee of the estate of Albert S. Ingalls, Jr., has the capacity and power, under the law and the will, to be a limited partner, in so far as the trust estate is concerned, in the limited partnership known as Taft, Ingalls & Company, and to accept and hold as part of the trust estate, the 6.67 per cent interest in the said limited partnership, assigned to it by the executors of the estate of Albert S. Ingalls, Jr.